SILAS DARNELL V. STATE

No. 34,429.    May 9, 1962

*Ross Huffmaster,* Kaufman, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The offense is possession of wine for the purpose of sale in a dry area, two prior convictions being alleged for enhancement of punishment; the punishment assessed by the jury, six months in jail and a fine of $400.

The state's evidence was to the effect that the appellant was observed by officers using binoculars who testified that they saw him get into an automobile with other occupants and go in a northeasterly direction from appellant's house; that they watched appellant as he unloaded some boxes of alcoholic beverages; that early the next morning the officers found 12 quarts of wine and some beer at the place where they saw appellant unloading the beverages; that at the place where appellant was barbecuing hogs, the officers found a quart of wine and nearby a half-carton or 12 cans of beer. The wine and beer was offered in evidence.

The state's evidence further shows that there was a trail leading from the house where appellant lived alone to where the wine and beer was found, a distance of some four or five hundred yards.

The area was shown to be dry, and the prior convictions alleged were proved.

Two points of error are presented, both complaining of the admission of evidence to the effect that appellant was taken by the officers to the stash and while under arrest he said that some of the beer was his.

We find no objection in the record on the ground that appellant's statement was inadmissible because it was made while under arrest or without warning.

We further note that the appellant testified: "They came to the house and loaded me up and carried me down there and showed me that case of wine — and said it was mine. It's not mine."

"Q. Is this beer here yours? A. Yes, sir. That beer is mine.

"Q. You told Mr. Evans that was yours? A. Yes sir. I told Mr. Evans.

"Q. Is it your testimony that this carton was found where the wine was? A. That's what they were telling me when they got me down there and I told them I didn't know nothing about that carton there. * * *"

The admission of the evidence complained of is not, under the record, ground for reversal.

The jury resolved the fact issues against the appellant.

The evidence is sufficient to sustain the conviction and we find no reversible error.

The judgment is affirmed.